## FULLER v. PORT ROYAL & AUGUSTA RAILWAY CO.

### COCKRANE v. SAME.

In an action against a railroad company for killing a horse, the defendant requested the judge to charge the jury: "That when the plaintiff proves the ownership and the fact of the killing, he makes out a *prima*

*facie* case, and negligence is presumed ; but when the defendant introduces evidence and explains the fact of the killing, the plaintiff is required to prove by a preponderance of testimony that the defendant was negligent." *Held*, that this charge was properly refused, as the rule in *Danner's Case* (4 *Rich.*, 329) makes the proof of ownership, and the fact of killing, *prima facie* evidence of negligence, which *prima facie* showing must therefore stand until overthrown by counter proof.

Before FRASER, J., Hampton, March, 1885.

These were two actions against the defendant, tried together, for killing, in each case, a horse, one being brought by Henry M. Fuller and the other by Jack Cockrane. The opinion states the case.

*Messrs. Elliott & Howe*, for appellant.

*Mr. C. J. C. Hutson*, contra.

January 5, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. These two cases, being based very much upon the same facts, were tried together below, and they have been heard together in this court on appeal. The actions were brought to recover the value of a horse, in each case alleged to have been killed by a train of defendant company in October, 1882.

At the close of the testimony his honor, the presiding judge, was requested by the counsel of the defendant to charge the jury : "That when the plaintiff proves the ownership and the fact of the killing, he makes out a *prima facie* case, and negligence is presumed ; but when the defendant introduces evidence and explains the fact of the killing, the plaintiff is required to prove by a preponderance of testimony that the defendant was negligent." The judge did not charge this in terms, but read a portion of the opinion of this court in the case of *Jones* v. *C. & G. R. R. Co.* (20 *S. C.*, 258), "saying that he could not state it any clearer than that." The portion read was as follows : "The rule in *Danner's Case* required him to say, when the killing was proved, that the plaintiff might rest, and if the defendant failed to ex-

plain this killing so as to exculpate the company, either by proof that the killing was accidental, unavoidable, or free from negligence, then the fact of the killing, with the *prima facie* case it made, was sufficient, as it furnished all the proof which the case in the first instance required." The jury found for the plaintiffs, and the defendant appealed upon the single exception : Because his honor erred in declining to charge as requested above.

We do not know that we understand clearly appellant's exception. We suppose, however, that it is meant that the rule in *Danner's Case*, which raises a presumption of negligence, upon proof by the plaintiff of ownership and the fact of killing, applies only in cases where the defendant introduces no evidence explaining the fact of the killing ; that where such explanation is given by the defendant, the presumption is gone, and this, whether the explanation exculpates the defendant or not, and that in such case the plaintiff cannot rely upon the presumption, but must introduce other and affirmative evidence, showing by its preponderance actual negligence. In other words, that upon the defendant explaining the killing, the onus is then thrown upon the plaintiff to show by a preponderance of testimony other than the presumption that the defendant had been negligent; that in such case he cannot claim even the aid of the presumption, but that it is gone and out of the case, and cannot be considered in weighing the testimony.

Thus understood, the exception cannot be sustained. The issue in all of these cases is negligence, with the onus upon the plaintiff. The rule in *Danner's Case* is nothing but a rule of evidence, bearing upon the issue of negligence, and it has established the proposition as matter of law, that in such cases the proof of ownership and the fact of killing shall be sufficient to establish negligence *prima facie*. And the plaintiff in the first instance need go no further. Now, what is the effect of a *prima facie* showing ? Does it not always stand until it is overthrown by counter proof ? Does it not throw the onus of removing it upon the other party ? It is true that when the *prima facie* case is overthrown by counter evidence, then the plaintiff will fail to recover unless he, by the proof of additional facts, overthrows

the counter evidence. But until his *prima facie* case is removed he may stand upon it.

The mistake in the exception, as it seems to us, turns upon the word explain. The appellant claims that plaintiff's *prima facie* case, when made out, requires the defendant to do nothing more than to explain the killing, which, when done, requires the plaintiff in every such case to prove by a preponderance of testimony the fact of negligence, or he will fail to recover. Now, the term explain means, to state the facts, to show all of the circumstances and conditions of a transaction, to show fully how it occurred. When this is done, as to a matter involving alleged negligence, this explanation will either inculpate the defendant, fail to exculpate him, or exculpate him. It can have no medium status. It must necessarily prove or disprove the alleged negligence. If it fails to exculpate the defendant from the *prima facie* showing of plaintiff, would it not be error to say that notwithstanding this failure of defendant to exculpate himself by his explanation, that still the presumption is gone and the plaintiff must introduce additional evidence, so as to show by the preponderance of such additional evidence the fact of negligence? And, on the other hand, suppose the explanation shows negligence, where, then, would be the necessity of the plaintiff supplementing his case by any other testimony than that upon which he had rested? If, however, the explanation clearly exculpated the defendant, then the presumption under which the plaintiff had rested would be removed, and he would have to act further. But up to this point could he not fold his arms in safety?

If the appellant had called upon the presiding judge to charge that in case the explanation disproved negligence, then the presumption could have no avail, but that plaintiff's case should then depend upon the preponderance of his evidence weighed with defendant's evidence; or if the judge had been requested to charge that upon the defendant introducing evidence to explain the killing, that then whether the presumption of negligence arising from plaintiff's proof of ownership and the fact of killing was overthrown, would depend upon the preponderance of the evidence, and the judge had declined to so charge, his appeal would be sustained. But this was not the request. The request

was, that in every case where the defendant explained the killing, whether this explanation had the effect of failing to exculpate, of exculpating, or inculpating the defendant, the presumption is expunged from the case, and that the plaintiff is then "required to prove by a preponderance of testimony other than the presumption that the defendant had been negligent." We can see no error in the judge declining to charge in the terms requested.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.